516 S.E.2d 927

**In the Matter of George WILDER, Lake City Municipal Judge, Respondent.**

**No. 24947.**

Supreme Court of South Carolina.

Submitted May 11, 1999.

Decided June 1, 1999.

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

G. LaVue Murdaugh, of Lake City, for respondent.

PER CURIAM:

In this judicial grievance proceeding, respondent admits that he has committed ethical violations and consents to a

public reprimand. We accept respondent's admission and publicly reprimand him.

## The Victoria Thomas Matter

In March 1996, Sherlene Daniels swore out a complaint against Victoria Thomas alleging child abuse of Daniels' child. Respondent had Daniels sign a blank arrest warrant and had his Clerk fill in the information on the affidavit portion of the warrant.

Respondent was personally acquainted with Thomas through other legal proceedings and through Thomas' husband, a Lake City Police officer.

Victoria Thomas appeared before respondent and, in his presence, Thomas completed a Request for Dismissal of Prosecution of Daniels' warrant. Respondent witnessed Thomas forge Daniels' signature to the document. Respondent and his Clerk then signed as witnesses.

After a complaint was made regarding the failure to issue the warrant, respondent signed and issued an arrest warrant containing the following statement: "Affiant states found (sic) that defendant did not beat her child and she signed Request for Dismissal on March 6, 1996."

During an investigation into the matter by the State Law Enforcement Division (SLED), respondent told investigators that he did not know who signed the dismissal request but thought that it was Daniels; that he did not know Thomas but knew that Thomas did not sign the dismissal request; and he was not present when the dismissal request was signed. In pertinent part, the investigation concluded in Thomas pleading guilty to forgery.

## The Gambling Funds Matter

In April 1997, Roy Lee McFadden was arrested by the Lake City Police Department for possession of gambling paraphernalia. The police seized $1,456.74, $526.00 of which was seized directly from the person of McFadden.

Without consent of the police department and prior to trial, respondent ordered the return of $526.00 to McFadden.

McFadden pled guilty to the possession charge before respondent. Respondent did not recuse himself and failed to disclose on the record that McFadden was a fellow masonic lodge member.

## The David Battle Matter

In June 1997, David Battle was arrested by Lake City police on two charges of assault on a police officer; disorderly conduct; and resisting arrest. The resisting arrest and assault charges were General Sessions offenses. Respondent not only released Battle from custody but conducted a trial on the General Sessions offenses despite the fact that he did not have jurisdiction.

## The Danny McCutcheon Matter

In May 1998, Danny McCutcheon and two others were arrested by Lake City police on charges of assault on a police officer, threatening a police officer or school official, trespass, and disturbing a school.

McCutcheon was a Lake City High School senior planning to leave on a trip to the Bahamas on the very day he was arrested. McCutcheon's mother contacted respondent. As a result, respondent telephoned the jail and authorized the release of McCutcheon without notice to or consent from the police department. When McCutcheon returned from his trip, he presented himself to the police, was served with an arrest warrant, and held pending bail.

## Failure to Respond to an Investigation

In April 1998, respondent was served with notice of investigation of the *Barr Matter,* the *SLED Agent Bartell Matter,* and the *Wright Matter.* Respondent only filed a response to the *Barr Matter.*

## Making a False Statement During an Investigation

Pursuant to a disciplinary investigation, a hearing was convened. Respondent, under oath, gave false testimony regarding the *Victoria Thomas Matter.*

## Conclusion

At the time respondent committed these acts, he was in violation of the Code of Judicial Conduct, Rule 501, SCACR, specifically Canon 1 (failure to establish, maintain, and enforce high standards of conduct to preserve the independence and integrity of the judiciary); Canon 2(A) (failing to respect and comply with the law, and failure to conduct himself in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 2(B) (allowing his family, social, or other relationships to influence his judicial conduct and judgment, lending the prestige of his office to advance the private interests of another, and conveying or permitting others to convey the impression that they are in a special position to influence him); Canon 3(A)(1) (failure to be faithful to the law and maintain professional competence in it); Canon 3(B)(5) (failure to perform judicial duties without bias or prejudice); Canon 3(B)(7) (initiating, permitting or considering *ex parte* communications, or considering other communications made to him outside the presence of the parties concerning a pending proceeding); Canon 3(C)(1)(a) (failure to disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including where he had a personal bias or prejudice concerning a party);[1] and Rule 502(7)(a) of the Rules for Judicial Disciplinary Enforcement (failure to respond to an inquiry from a disciplinary board and violation of the Code of Judicial Conduct).[2]

Respondent resigned his position on December 31, 1998. For this reason, we publicly reprimand respondent, the maximum sanction we may impose. In addition, respondent shall not seek future appointment to any judicial office within the unified judicial system of South Carolina unless authorized by this Court.

PUBLIC REPRIMAND.

---

1. The Code of Judicial Conduct has been revised since the time some of the misconduct occurred. Those revisions became effective October 1, 1996. The canons violated by respondent remain a part of the revised code although some bear different numbers.

2. The Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR, became effective January 1, 1997, replacing the Rule on Judicial Discipline and Standards.